**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DERRICK BROOKS,**

|  |  |
|---|---|
| **Plaintiff,** | **9:09-cv-743** |
|  | **(GLS/RFT)** |

**v.**

**THE STATE OF NEW YORK; OFFICE OF**
**MENTAL HEALTH,** New York State;
**MICHAEL HOGAN,** Commissioner, O.M.H.;
**CNY PSYCHIATRIC CENTER; DONALD**
**SAWYER,** Executive Director, C.N.Y.P.C.;
**DR. TERRI MAXYMILLIAN,** Director
S.O.T.P., C.N.Y.P.C.; **CHARMINE BILL,**
Treatment Team Leader Ward 304; **JEFF**
**NOWICKI,** Chief Mental Health TRM, Serv;
and **LINDA KOVICH,** RN, Treatment Team
Leader,

**Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|

**FOR THE PLAINTIFF:**
Derrick Brooks
Pro Se
#172543
Central New York Psychiatric Center
P.O. Box 300
Marcy, NY 13403

| **FOR THE DEFENDANTS:** | |
|---|---|
| HON. ERIC T. SCHNEIDERMAN | MEGAN M. BROWN |
| New York State Attorney General | Assistant Attorney General |
| The Capitol | |
| Albany, NY 12224 | |

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Pro se plaintiff Derrick Brooks brings this action under 42 U.S.C. § 1983, alleging that his constitutional rights were violated when he was strip-searched at the Central New York Psychiatric Center (CNYPC), where he currently resides. (Dkt. No. 1.) In a Report-Recommendation and Order (R&R) filed August 11, 2010, Magistrate Judge Randolph F. Treece recommended that defendants' motion to dismiss be granted in part and denied in part.[1] (Dkt. No. 26.) Pending are defendants' objections to the portion of the R&R denying their motion. (Dkt. No. 30.) For the reasons that follow, the R&R is adopted in its entirety.

### II. Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's

---

[1]The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

findings and recommendations, this court reviews those findings and recommendations de novo. *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error. *See id.*

### III. <u>Objections</u>

### A. <u>Personal Involvement</u>

Defendants object to the portion of the R&R recommending that Brooks be permitted to amend his complaint to add factual allegations with respect to the supervisory-based personal involvement of defendants Hogan and Nowicki, claiming that Brooks's conclusory allegations fail to warrant amendment. (*See* Objections at 1-2, Dkt. No. 30.) While the court agrees that Brooks's allegations are thin, as was acknowledged in the R&R, the court is not convinced that Judge Treece erred in recommending amendment, especially given the liberal rules governing pro se pleadings in this Circuit. Accordingly, the court adopts the portion of the R&R recommending that Brooks be permitted to amend his complaint with respect to the personal involvement of Hogan and Nowicki. **B. <u>Fourth</u>**

3

**Amendme**

**nt Claim**

Defendants next object to the portion of the R&R recommending

against dismissal of Brooks's Fourth Amendment claim.  (*See* Objections at

2, Dkt. No. 30.)  Similar to the argument asserted before Judge Treece,

defendants' objection here appears to be that Brooks's claim should be

dismissed because Brooks admits that defendant Maxymillian stated at the

time of the search that she "had reasonable cause to believe that one of

the residents had in their possession a control[led] substances [sic]."  (*Id.*

(citing Compl. at 6, Dkt. No. 1, and relying on *Bell v. Wolfish*, 441 U.S. 520,

558-560 (1979), for the proposition that, "[a]s to those lawfully confined, ...

a specific basis for concern about contraband will support strip searches,

even absent a basis for individualized suspicion").)  However, while it may

be that the search of Brooks was reasonable and justified by a legitimate

contraband-related concern, that conclusion is not compelled by the mere

fact that Maxymillian stated as much at the time of the search.  Rather, as

explained in the R&R, the objective reasonableness of the search must be

examined in light of the totality of the circumstances, including whether the

claimed concern did indeed exist.  (*See* R&R at 7-8, Dkt. No. 26.)

Accordingly, discerning no error in Judge Treece's recommendation to permit Brooks's Fourth Amendment claim to survive at this juncture, the court adopts that portion of the R&R.

**C.    Official Capacity Claims Against Hogan**

In the R&R, while Judge Treece recommended the dismissal of Brooks's official capacity claims against Hogan based on Eleventh Amendment immunity, (*see id.* at 10-11), the decretal paragraph fails to reflect that recommendation.  The court hereby adopts Judge Treece's recommendation as to the official capacity claims against Hogan and therefore dismisses them.

## IV.  Conclusion

Having reviewed the remainder of the R&R for clear error, the court finds no error and therefore adopts that remaining portion of the R&R. Further, the court notes that while Judge Treece recommended that Brooks be ordered to submit an amended complaint within thirty (30) days of this court's adoption of the R&R, Brooks has already filed an amended pleading.  (Dkt. No. 31.)  Accordingly, the court refers this case back to Judge Treece for further proceedings consistent with that filing.

**WHEREFORE**, for the foregoing reasons, it is hereby

5

**ORDERED** that Magistrate Judge Randolph F. Treece's August 11, 2010 Report-Recommendation and Order (Dkt. No. 26) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the claims asserted against defendant Michael Hogan in his official capacity are **DISMISSED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 18, 2011
Albany, New York

Gary L. Sharpe
U.S. District Judge